**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| ATLANTIC CASUALTY INSURANCE COMPANY, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | No.: 1:18-cv-1256 |
| ABC CONSTRUCTION SPECIALISTS INC., and JUAN PEREZ, | ) ) ) ) | |
| Defendants. | ) | |

**COMPLAINT FOR DECLARATORY JUDGMENT**

NOW COMES the Plaintiff, ATLANTIC CASUALTY INSURANCE COMPANY, by its Attorneys, CARLSON LAW OFFICES, and for its Complaint for Declaratory Judgment pursuant to 28 U.S.C. §2201 against Defendants ABC CONSTRUCTION SPECIALISTS, INC., and JUAN PEREZ, states as follows:

**THE PARTIES**

1. ATLANTIC CASUALTY INSURANCE COMPANY ("ATLANTIC CASUALTY") is a corporation incorporated under the laws of the state of North Carolina, having its principal place of business in the State of North Carolina.

2. Defendant ABC CONSTRUCTION SPECIALISTS ("ABC") is a corporation incorporated under the laws of the State of Illinois, having its principal place of business in the State of Illinois.

3. Defendant JUAN PEREZ ("PEREZ") is a citizen of the State of Illinois.

**JURISIDICTION AND VENUE**

4. Jurisdiction is proper in this this court pursuant to 28 U.S.C. § 1332 (a) because the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and this civil action is between citizens of different States.

5. Venue is proper in this Judicial District pursuant to 28 U.S.C. § 1391(a)(1) and (2), in that Defendants ABC CONSTRUCTION SPECIALISTS, INC., and JUAN PEREZ reside in this Judicial district and a substantial part of the events or omissions giving rise to the claim at issue occurred in this Judicial District.

**FACTS**

6. ABC and others have been sued in a lawsuit, entitled *Juan Perez v. ABC Construction Specialists*, filed in the Cook County, Case No. 2017-L-1053 (hereafter "the Lawsuit"). A true and correct copy of the Complaint in the Lawsuit is attached hereto as Exhibit 1.

7. The Lawsuit alleges that January 31, 2015, ABC was a contractor at a construction project at 270 Chesterfield Avenue in the Village of Glen Ellyn, state of Illinois ("the Project").

8. On January 31, 2015, while working at the Project, JUAN PEREZ, a subcontractor of ABC, allegedly fell from an improperly installed and unsecured ladder, sustaining injuries ("the Incident").

9. The Lawsuit alleges that ABC was negligent in failing to provide a safe and secure place to work, in failing to provide safety equipment and negligently directing or permitting PEREZ to perform activities related to roofing in an unsafe manner.

10. There was a tender from ABC of its defense in the Lawsuit, to which ATLANTIC responded with the reasons why it believed ABC was not an insured under the ATLANTIC policy in connection with the Lawsuit.

11. ATLANTIC and ABC Construction Specialists, Inc., entered into a policy of liability insurance, Policy No. L113003404, which was effective July 16, 2014 to July 16, 2015, (hereafter "the ATLANTIC Policy"). A true and correct copy of the ATLANTIC Policy is attached hereto as Exhibit 2.

12. The ATLANTIC Policy provides in relevant part as follows:

>  **SECTION I – COVERAGES**
>  **COVERAGE A BODILY INJURY AND PROPERTY DAMAGE LIABILITY**
>  1. Insuring Agreement
>
>     a. We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defendant the insured against any "suit" seeking those damages. However, we will have no duty to defendant the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply.
>  \*\*\*
>  **SECTION II – WHO IS AN INSURED**
>
>  1. If you are designated in the Declarations as:
>  \*\*\*
>     d. An organization other than a partnership, joint venture or limited liability company, you are an insured. Your "executive officers" and directors are insureds, but only with respect to their duties as your officers or directors. Your stockholders are also insureds, but only with respect to their liability as stockholders.
>  \*\*\*
>  **SECTION II – DEFINITIONS**
>
>  \*\*\*
>  3. "Bodily injury" means bodily injury, sickness or disease sustained by a person, including death resulting from any of these at any time.
>  \*\*\*
>  13. "Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions.

13. The ATLANTIC Policy contains an Endorsement, AGL-055A 03/13, which provides in relevant part as follows:

## EXCLUSION OF INJURY TO EMPLOYEES, CONTRACTORS AND EMPLOYEES OF CONTRACTORS

Exclusion **e. Employer's Liability of SECTION I - COVERAGE A. BODILY INJURY AND PROPERTY DAMAGE LIABILITY** is replaced by the following:

This insurance does not apply to:

    (i)    "bodily injury" to any "employee" of any insured arising out of or in the course of:

        (a)    Employment by any insured; or

        (b)    Performing duties related to the conduct of any insured's business;

    (ii)    "bodily injury" to any "contractor" for which any insured may become liable in any capacity; or

    (iii)    "bodily injury" sustained by the spouse, child, parent, brother or sister of any "employee" of any insured, or of a "contractor", as a consequence of any injury to any person as set forth in paragraphs (i) and (ii) of this endorsement.

This exclusion applies to all claims and "suits" by any person or organization for damages because of "bodily injury" to which this exclusion applies including damages for care and loss of services.

This exclusion applies to any obligation of any insured to indemnify or contribute with another because of damages arising out of "bodily injury" to which this exclusion applies, including any obligation assumed by and replaced by the following:

With respect to this endorsement only, the definition of "Employee" in the **SECTION V - DEFINITIONS** of CG0001 is replaced by the following:

"Employee" shall include, but is not limited to, any person or persons hired, loaned, leased, contracted, or volunteering for the purpose of providing services to or on behalf of any insured, whether or not paid for such services and whether or not an independent contractor.

As used in this endorsement, "contractor" shall include but is not limited to any independent contractor or subcontractor of any insured, any general contractor, any developer, any property owner, any independent contractor or subcontractor of any general contractor, any independent contractor or subcontractor of any developer, any independent contractor or subcontractor of any property owner, and any and all persons working for and/or providing services and or materials of any kind for these persons or entities mentioned herein.

4

ALL OTHER TERMS AND CONDITIONS REMAIN UNCHANGED

14. The ATLANTIC policy also contains the Endorsement, ALG-056 03/13, which provides in relevant part as follows:

**LIMITATION – DUTY TO DEFEND**

Where there is no coverage under this policy, there is no duty to defend any insured.

Our determination regarding a defense obligation under this policy may be made on evidence or information extrinsic to any complaint or pleading presented to us, provided such documentation, evidence or information does not contradict a pleading allegation and provided such documentation, evidence or information relates solely to a discrete coverage issues under this policy.

***

15. Pursuant to the above Exclusion, AGL-055A 03/13, the ATLANTIC Policy precludes coverage for any bodily injury to any "contractor" as defined, including any "employee" of any contractor, for which any insured may become liable in any capacity.

16. At the time of the Incident of January 31, 2015, alleged in the Lawsuit, ABC and PEREZ were each a "contractor" at the Project, as defined in the ATLANTIC Policy.

17. In addition, PEREZ was also an "employee" of a "contractor" as defined, at the time of the Incident, as alleged in the Lawsuit, while working for and providing services to ABC.

18. Consequently, any insurance coverage for ABC for any bodily injury to any employee of a contractor, including PERZ, is excluded, to the extent ABC is found to be held liable in the Lawsuit.

19. Accordingly, Endorsement AGL-055A 03/13 precludes any insurance coverage for any bodily injury to PEREZ for which ABC may become liable in any capacity in the Lawsuit.

20. Consequently, ATLANTIC has no duty to defend ABC under the ATLANTIC Policy in connection with the Lawsuit.

5

21. An actual controversy exists between the Plaintiff and the Defendants herein, and pursuant to the terms and provisions of 28 U.S.C. §2201, this Court is vested with the power to declare the rights and liabilities of the parties hereto, and to grant such other and further relief as may be necessary.

WHEREFORE, Plaintiff, ATLANTIC CASUALTY INSURANCE COMPANY, respectfully requests that this Court:

A) Determine and adjudicate the rights and liabilities of the parties hereto;

B) Find and declare that ABC is not an insured entitled to a defense or indemnity under the ATLANTIC Policy in connection with the Lawsuit.

C) Find and declare that the Lawsuit solely seeks recovery for bodily injury to Juan Perez, who qualifies as a "contractor" and/or an "employee" of a "contractor" as defined in the ATLANTIC Policy;

D) Find and declare that ATLANTIC Policy precludes any coverage for ABC in connection with any bodily injury to any employee or contractor, including JUAN PEREZ, for which any insured, including ABC, may become liable in any capacity;

E) Find and declare that since ABC qualifies as a "contractor", any insurance coverage for any bodily injury to JUAN PEREZ for ABC under the ATLANTIC Policy in connection with the Lawsuit is precluded;

F) Find and declare that ATLANTIC has no duty to defend or indemnify ABC under the ATLANTIC Policy in connection with the Lawsuit;

G) Find and declare that the Defendants have no rights under the ATLANTIC Policy in connection with the Lawsuit;

H) Grant such other and further relief as this Court deems fit and proper under the evidence and circumstances.

                                              Respectfully submitted,

                                              **CARLSON LAW OFFICES**

                                              /s/ Keith G. Carlson
                                              Keith G. Carlson, One of the Attorneys
                                              for Plaintiff, ATLANTIC CASUALTY
                                              INSURANCE COMPANY

Keith G. Carlson
Jeffery A. Bier
**CARLSON LAW OFFICES**
Two N. LaSalle Street, Ste. 1800
Chicago, IL 60601
312-627-1212
keith@carlson-law-offices.com
ARDC #06194752